UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

**Michael Wait,**

      *Plaintiff,*

v.                                                     Case No. 3:15-cv-00133
                                                        Judge Thomas M. Rose

**OS Restaurant Services, LLC,**

      *Defendant.*

---

**ENTRY AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS COUNT V OF PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED** (DOC. 3)**.**

---

Plaintiff Michael Wait filed a complaint against Defendant OS Restaurant Services, LLC for violation of the Uniformed Services Employment and Reemployment Rights Act, military status discrimination under R.C. § 4323(d)(1)(B), wrongful termination based on military status discrimination, retaliation under R.C. § 4112.01, and intentional infliction of emotion distress. (Doc. 2). Pending before the Court is Defendant's Motion to Dismiss Count V of Plaintiff's Complaint. (Doc. 3). Therein, Defendant requests that the Court dismiss Plaintiff's asserted claim of intentional infliction of emotional distress for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). (*Id.* at 1). Because the Plaintiff has not presented sufficient facts to support his asserted claim for intentional infliction of

1

emotional distress, the Court will grant Defendant's Motion to Dismiss Count V of Plaintiff's Complaint.

**I.     Background**

When considering a motion to dismiss pursuant to Rule 12(b)(6), a court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations as true. *Tackett v. M&G Polymers*, USA, LLC, 561 F.3d 478, 488 (2009).  The complaint includes the following factual allegations:

Plaintiff alleges that on or about September 16, 2013, Fleming's Steakhouse ("Fleming's") hired Plaintiff to work as a server in their restaurant. (Doc. 2, ¶¶ 8, 11).  At all relevant times, Plaintiff was allegedly a member of the United States Air Force. (*Id.* at ¶¶ 9, 10).   Upon his hiring, Fleming's was allegedly made aware of Plaintiff's active membership and his affiliation with the United States Air Force. (*Id.* at ¶¶ 12, 13).  Although initially it was not a problem, this allegedly became an issue for Fleming's after Plaintiff informed the company that he was going to be deployed for about six months in January 2015. (*Id.* at ¶¶ 15, 16).   After providing this information to his supervisors, Fleming's allegedly began discriminating against Plaintiff. (*Id.* at ¶¶ 10, 13).

Specifically, once mentioning his deployment, Plaintiff allegedly started receiving comments from several managers who were saying, "[y]ou have another job," "[w]e know you are leaving soon," "[y]our focus is on another job," and "[w]e need people who can give 100% to Fleming's." (*Id.* at ¶ 18).  Also, after the announcement, Fleming's allegedly reduced Plaintiff's hours. (*Id.* at ¶ 21).   Before the announcement, Plaintiff worked at least 20-25 hours per week and about five days a week. (*Id.* at ¶ 22).  Yet, immediately following his announcement, Plaintiff's

2

hours were allegedly reduced to 10 hours per week and Plaintiff was only scheduled to work two days a week. (*Id.* at ¶ 23).

In addition to reducing Plaintiff's hours, Fleming's allegedly began reprimanding Plaintiff for errors in the workplace. (*Id.* at ¶ 24). Subsequent to his announcement, Plaintiff was allegedly told that he "had a bad attitude." (*Id.* at ¶ 25). During this same conversation, Plaintiff complained that he was being targeted by Fleming's as a means of discrimination based on his military status and his need to take time off from work for his deployment. (*Id.* at ¶ 26). In response, Plaintiff was allegedly written-up for being late to work. (*Id.* at ¶ 27). Shortly thereafter, Plaintiff was accused of entering the wrong tip amount into the computer on a customer's bill. (*Id.* at ¶ 29). This was allegedly the first time Plaintiff had ever been accused of these types of errors. (*Id.* at ¶ 30). Plaintiff alleges that other similarly-situated employees (who are not in the armed forces) have repeatedly been late or tardy to work and have made similar mistakes as the ones mentioned above, but have received no such write-up or reprimand. (*Id.* at ¶¶ 28, 31). On or around November 12, 2014, Fleming's terminated Plaintiff's employment. (*Id.* at ¶ 32).

### III.     Failure to State a Claim – 12(b)(6)

### A.      Legal Standard

To conclude that a plaintiff has failed to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M&G Polymers, USA, LLC,* 561 F.3d 478, 488 (2009). Though, a court need not accept as true the legal assertions of the plaintiff. *Id.* Instead, in order "to survive a motion to dismiss a complaint must contain (1)

3

'enough facts to state a claim to relief that is plausible,' (2) more than 'a formulaic recitation of a cause of action's elements,' and (3) allegations that suggest a 'right to relief above a speculative level.'" *Id.* quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569, 545, 555 (2007). In addition to the complaint, a court "must consider…other sources…in particular, documents incorporated into the complaint by reference…." *Tellabs, Inc. v. Makor Issues & Rights, Ltd,* 551 U.S. 308, 322-23 (2007).

**B.   Analysis**

A claim will be dismissed when it does not "contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562 (citation omitted). Still, a court is not required to accept "legal conclusions" or "conclusory statements" as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Therefore, a complaint "should be dismissed for failure to state a claim only where 'it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Monette v. Electronic Data Sys. Corp.*, 90 F.3d 1173, 1189 (6th Cir. 1996) quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

To state a cause of action for intentional infliction of emotional distress, a plaintiff must plead sufficient facts to show (1) "the actor either intended to cause emotional distress or knew or should have known that actions taken would result in serious emotional distress to the plaintiff;" (2) "the actor's conduct was so extreme and outrageous as to go 'beyond all possible bounds of decency' and was such that it can be considered as 'utterly intolerable in a civilized community;'" (3) "the actor's actions were the proximate cause of plaintiff's psychic injury;" and (4) "the mental anguish suffered by plaintiff is serious and of a nature that 'no reasonable man could be expected

4

to endure it.'" *Ashcroft v. Mt. Sinai Medical Ctr.*, 588 N.E.2d 280, 284 (6th Cir. 1990) quoting *Pyle v. Pyle* 11 Ohio App. 3d 31, 34 (1983) (internal citations omitted).

Here, Plaintiff alleges that Defendant discriminated against him based on his Air Force status and retaliated against him after he complained about the discrimination. (Doc. 2, ¶¶ 34, 35). Plaintiff states that he received comments from several managers inquiring as to when he was leaving, stating he was focused on another job, and questioning his dedication to Fleming's. (*Id.* at ¶ 18). Plaintiff alleges Defendant significantly reduced his hours and number of days worked per week after informing them of his upcoming deployment. (*Id.* at ¶ 21). Plaintiff further alleges that after his announcement he was written up for a tardy incident at work and accused of entering the wrong tip amount in the computer on a customer's bill. (*Id.* at ¶¶ 27, 29). Plaintiff claims that other employees have made similar mistakes without being subject to discipline or termination. (*Id.* at ¶¶ 28, 31). Plaintiff avers that he never intended on quitting his job and he expected Fleming's to either hold his job or at least have a job waiting for him when he returned from active duty. (*Id.* at ¶ 20).

In viewing the complaint in the light most favorable to the Plaintiff, and by taking all well-pleaded factual allegations as true, the complaint does not contain either direct or inferential allegations respecting all of the material elements necessary to sustain recovery. Instead, the complaint includes a formulaic recitation of the elements for intentional infliction of emotional distress without providing sufficient facts to suggest a right to relief that is plausible.

Specifically, the complaint fails to address the following facts: Defendant's intent or knowledge that its actions would result in emotional distress for Plaintiff; the type of behavior exhibited by Defendant that would be considered extreme and outrageous to the point of going

5

beyond all bounds of decency; how Defendant was the proximate cause of Plaintiff's mental anguish; and the seriousness of the mental anguish and if it is of a nature that no reasonable man could be expected to endure. All of which are the necessary elements in establishing an intentional infliction of emotional distress claim. Therefore, based on the foregoing, Defendant's 12(b)(6) motion is granted.

## IV. Conclusion

Because Plaintiff's claim does not contain sufficient factual allegations that states a claim for relief that is plausible on its face, Defendant's Motion to Dismiss Count V of Plaintiff's Complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) is **GRANTED**.[1]

**DONE** and **ORDERED** in Dayton, Ohio, this Thursday, August 20, 2015.

                                                                          s/Thomas M. Rose

                                                                         THOMAS M. ROSE
                                                     UNITED STATES DISTRICT JUDGE

---

[1] The Court acknowledges the assistance of judicial extern Jacquelyn McTigue in the preparation of this order.